IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MALORIE PERDUE,

Plaintiff,

-vs-

SMARTSTAFF INC., d/b/a
REMEDY INTELLEGENT STAFFING,　　CASE NO.: 3:14-cv-461-J-39JBT

Defendant.
_____/

## COMPLAINT

Plaintiff, MALORIE PERDUE, by and through her undersigned counsel, sues the Defendant, SMARTSTAFF INC., d/b/a REMEDY INTELLEGENT STAFFING ("SMARTSTAFF"), and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"),

### JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5).

4. Venue is proper in this District because the Plaintiff resides in this District (Duval County) and the Defendant transacts business in Duval County, Florida.

### FACTUAL ALLEGATIONS

5. Plaintiff, Malorie Perdue, is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

6.    Defendant, SmartStaff, is a corporation and a citizen of the State of Florida with its principal place of business located at 12961 N. Main Street, Suite 103, Jacksonville, Florida.

7.    Each call the Defendant made to the Plaintiff's cellular telephone was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) and/or using an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

8.    Each of the Defendant's autodialer calls that it made to the Plaintiff's cellular telephone number, (904) 418-0010, was done so without the "prior expressed written consent" of the Plaintiff. Some or all of the calls came from a telephone number: 904-771-4101 and/or 904-342-3260.

9.    At all times material, Plaintiff was and is the subscriber and regular user and carrier of the cellular telephone with the number (904) 418-0010, and was the recipient of Defendant's autodialer calls.

10.   In approximately September, 2013, Plaintiff began receiving automated telephone calls to her cellular telephone regarding possible jobs interviews Defendant wanted to set up for whomever they were trying to contact on Plaintiff's cellular telephone number. At no time did Plaintiff contact Defendant with regard to any type of job, she had no prior business relationship with Defendant and never gave Defendant her "prior express written consent" to be called by Defendant with an "automatic telephone dialing system" and/or using an artificial or pre-recorded voice.

11.   On or about the last week of October, 2013, Plaintiff returned one of the Defendant's calls and instructed an agent and/or representative of the Defendant that she was not a client of

Defendant, to remove her cellular telephone from their autodialing system and to stop calling her. In response, Defendant's agent became rude with Plaintiff and told her "we're just trying to get people jobs."

12. Despite being informed that Plaintiff did not have any business relationship with them and requesting to be removed from their call list, Defendant preceded to contact Plaintiff on her cellular telephone, and continued to do so, using an automated telephone dialing system and/or an artificial or pre-recorded voice.

13. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

14. On or about November 29, 2013, with the calls continuing, sometimes up to four (4) times in one day, Plaintiff contacted a different office of the Defendant in another attempt to have the calls stopped and spoke with Defendant's representative, Megan Taylor, who apologized to Plaintiff stating, "I am so sorry the automated system keeps calling you!" Please see copy of email dated November 29, 2013 attached here to as **Exhibit "A."**

15. Upon information and belief, Plaintiff received approximately fifty (50) calls from Defendant from September, 2013 through December, 2013 with approximately twenty calls alone from November 19, 2013 through December 15, 2013, and possibly more. While Plaintiff did not document each and every call made by Defendant to Plaintiff's cellular telephone, the attached **Exhibit "B"** is a reflection of Defendant's call frequency concerning those calls Plaintiff did document.

16. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they do not consent to the calls and are not interested in their services.

17. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

19. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

20. Plaintiff incorporates Paragraphs one (1) through nineteen (19) as if fully stated herein.

21. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in October, 2013, that Defendant was calling the wrong number and to stop calling Plaintiff.

23. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated this ____ day of April, 2014.

Respectfully submitted,

/s/ Michael J. Vitoria

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff